IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTA MASSIAN and JOSEPH MASSIAN,

    Plaintiffs,

  v.

GEICO GENERAL INSURANCE CO.,

    Defendant.

OPINION and ORDER

21-cv-74-jdp

---

This case involves a motor-vehicle accident in which plaintiff Krista Massian was injured when a driver ran a red light, causing another vehicle to strike the vehicle in which Krista was a passenger. According to her complaint, Dkt. 1, Krista received the maximum amounts available under insurance policies held by the at-fault driver and the driver of the vehicle in which Krista was a passenger. Krista then submitted a claim to her own insurer, defendant GEICO General Insurance Co., for $400,000, the maximum available under her own underinsured-motorist coverage. GEICO offered less than $25,000 to settle the claim, after which Krista and her husband, plaintiff Joseph Massian, brought this lawsuit. (The court refers to the plaintiffs by their first names for clarity.)

Plaintiffs assert six causes of action in their complaint: (1) an underinsured-motorist claim on behalf of Krista; (2) a claim for loss of society and companionship on behalf of Joseph; (3) a claim "for bad faith and breach of contract" on behalf of both plaintiffs; (4) a claim "for reasonable attorney's fees" on behalf of both plaintiffs; (5) a claim for untimely payment of insurance claims under Wis. Stat. § 628.46; and (6) a claim for punitive damages.[1] GEICO

---

[1] Technically, the claims for attorney fees and punitive damages are requests for relief, not independent claims. *See Selective Ins. Co. of S. Car. v. City of Paris*, 769 F.3d 501, 508 (7th Cir.

moves to bifurcate the case by considering Krista's underinsured-motorist claim and Joseph's claim for loss of society and companionship before proceeding to plaintiffs' claims concerning breach of contract, bad faith, and untimely payment, and their request for punitive damages. Dkt. 15. GEICO also asks the court to stay discovery on the latter claims until the prior claims have been resolved.

GEICO contends that it will be prejudiced if the claims are tried together because the latter claims will fail by necessity if the prior claims fail, and because litigation of the latter claims would entitle plaintiffs to discovery regarding GEICO's claims adjustment process, including attorney-client communications. Its argument primarily relies on state-court cases applying Wisconsin procedural rules to bifurcate similar cases and stay discovery. *See, e.g., Dahmen v. Am. Family Mut. Ins. Co.*, 2001 WI App 198, 247 Wis. 2d 541, 635 N.W.2d 1. But these cases are not binding in federal court. *See Wallace v. McGlothan*, 606 F.3d 410, 419 (7th Cir. 2010) ("[A] federal court sitting in diversity is bound by state substantive law but applies its own procedural rules."). This court regularly denies such requests by insurance companies to stay discovery because bifurcation and stay can substantially delay the resolution of litigation.[2] The court acknowledges that some federal courts have exercised their discretion to bifurcate in similar situations. *See, e.g., Sherman Creek Condos., Inc. v. Mid-Century Ins. Co.*, No. 19-cv-1735-pp, 2020 WL 5370770 (E.D. Wis. Sept. 8, 2020). But GEICO doesn't identify any compelling reason that the court should depart from its general practice here.

---

2014).

[2] *E.g., Reno v. Allstate Prop. & Cas. Ins. Co.*, No. 19-cv-387-jdp, 2019 WL 11276131 (W.D. Wis. July 30, 2019); *Xiong v. State Farm Fire & Cas. Co.*, No. 12-cv-115-wmc, 2012 WL 12995657 (W.D. Wis. May 29, 2012); *Beigl v. Transam. Life Ins. Co.*, No. 09-cv-669-slc, 2010 WL 2196970 (W.D. Wis. May 28, 2010).

The court will deny GEICO's motion without prejudice. If plaintiffs' claims survive summary judgment, GEICO is free to move for bifurcation of the claims at trial, which plaintiffs say they do not oppose, Dkt. 17, at 1.

Two matters remain. First, in the final sentence of their response brief, plaintiffs ask the court to impose sanctions on GEICO under Federal Rules of Civil Procedure 26(c) and 37(a)(5). They do not explain why sanctions are warranted, and the court sees no reason to impose them. The court will deny plaintiffs' request.

Second, plaintiffs name Zendesk Premier Plan as an "involuntary plaintiff" in their complaint. Dkt. 1. Plaintiffs say that they named Zendesk in accordance with the Wisconsin Rules of Civil Procedure, but in federal court, it is generally the Federal Rules of Civil Procedure that govern, even in cases like this one that are based in diversity jurisdiction. *See Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005). And "there is nothing in the Federal Rules of Civil Procedure that permits a plaintiff unilaterally to force another party to join his lawsuit as an involuntary plaintiff." *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 646 (7th Cir. 2018). Plaintiffs may have until June 28, 2021, to show cause why Zendesk should not be dismissed from the case.

ORDER

IT IS ORDERED that:

1. Defendant GEICO General Insurance Co.'s motion to bifurcate and stay, Dkt. 15, is DENIED without prejudice to filing a motion to bifurcate the trial.

2. Plaintiffs Krista Massian and Joseph Massian's request for sanctions, Dkt. 17, is DENIED.

3. Plaintiffs may have until June 28, 2021, to show cause why Zendesk should not be dismissed from this case.

Entered June 21, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge